IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TYRONE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 18 CV 2340 |
| | ) | |
| The CITY OF CHICAGO, et al., Illinois, a municipal corporation, and Chicago Police Officers HAVEN MATTHEWS #3698, RYAN GOLDIE #10478, AGUSTIN TORRES #13901, MICHAEL WELLS #10887, DARREN BORUM #11195, and STEVEN MARTIN #9180, and Chicago Police Sergeant GEOFF PIENTA #1387, | ) ) ) ) ) ) ) ) ) | Judge<br><br>Magistrate Judge |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, TYRONE SCOTT, by his attorneys, HAMILTON LAW OFFICE, LLC, makes the following complaint against Defendants CITY OF CHICAGO, Illinois ("Defendant CITY"), and Chicago Police Officers HAVEN MATTHEWS #3698, RYAN GOLDIE #10478, AGUSTIN TORRES #13901, MICHAEL WELLS #10887, DARREN BORUM #11195, and STEVEN MARTIN #9180, and Chicago Police Sergeant GEOFF PIENTA #138 ("Defendant OFFICERS"):

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

### PARTIES

4. Plaintiff TYRONE SCOTT is 49 years old and at all relevant times was a resident of Chicago, Illinois.

5. At all relevant times, Defendant OFFICERS are or were Chicago Police Officers employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of Defendant OFFICERS. Should Plaintiff prevail on his claims, Defendant CITY must indemnify Defendant OFFICERS pursuant to 735 ILCS 10/9-102. Defendant CITY has been named as a defendant in this lawsuit for indemnification purposes.

**FACTS**

7. On June 25, 2012, at approximately 11:50 a.m., Plaintiff was outside his niece's home at 5626 South Martin Luther King Drive in Chicago, Illinois.

8. Plaintiff approached a group of young men who were hanging around the block in front of an abandoned building at 5622 South King Drive (the building next door to his niece's apartment building). Plaintiff approached the young men to counsel them about not causing trouble in the neighborhood and to point out that children were playing in Washington Park across the street.

9. Almost as soon as Plaintiff started talking to these young men, Defendants MATTHEWS, GOLDIE, and TORRES pulled up in an unmarked police vehicle, got out and started to approach the young men.

10. When the young men saw Defendants MATTHEWS, GOLDIE, and TORRES approaching, they all took off running.

11. Plaintiff feared that these young men might have hidden something illegal nearby and that he would be arrested for their crime, so he ran too.

12. Plaintiff followed one of the young men into the abandoned building but lost sight of him once they were inside. Plaintiff ran straight through the abandoned building, exited through the rear, and ran back to his niece's apartment on the third floor of the building next door.

13. Once he ran into the abandoned building, Plaintiff did not see any of the young men again until after Plaintiff was arrested and being detained in the back of a squad car.

14. None of the Defendant OFFICERS followed Plaintiff or the other man into the abandoned building.

15. When everyone ran, Defendants MATTHEWS, GOLDIE, and TORRES returned to their police vehicle and drove into the alley between South Martin Luther King Drive and South Calumet Avenue.

16. Defendant OFFICERS did not observe Plaintiff enter his niece's apartment building.

17. Defendant OFFICERS did not observe Plaintiff enter the third-floor apartment.

18. Sometime later, Defendants MATTHEWS, GOLDIE, TORRES, PIENTA, and WELLS entered Plaintiff's niece's apartment building at 5626 South Martin Luther King Drive and went up to the third-floor apartment.

19. Defendant OFFICERS did not have probable cause, a warrant, consent, or exigent circumstances to enter his niece's apartment.

20. Defendant OFFICERS kicked open the door of the third-floor apartment and entered.

20. When Plaintiff's family members complained about their entry, Defendant OFFICERS swore at Plaintiff's family members and threatened to cut off their utilities and public aid.

21. Plaintiff was in the bathroom when Defendant OFFICERS kicked the outside door in. Plaintiff came out of the bathroom and saw Defendant OFFICERS taking a 15-year old cousin out of the apartment in handcuffs. Plaintiff asked them why they were arresting the boy.

22. Defendant OFFICERS then placed handcuffs on Plaintiff.

23. Defendant MATTHEWS pulled a handgun from his vest pocket and falsely accused Plaintiff of possessing it.

24. Defendant OFFICERS arrested Plaintiff and Defendant WELLS transported him to the Second District police station.

25. Defendant OFFICERS fabricated evidence against Plaintiff, including false police reports.

26. Defendants TORRES, GOLDIE, BORUM, PIENTA, MATTHEWS, and MARTIN participated in the fabrication of false police reports.

27. In their police reports, Defendant OFFICERS claimed that they observed Plaintiff drop the handgun while they pursued him on foot through the abandoned building. Defendant OFFICERS also falsely claimed that they observed Plaintiff enter the third-floor apartment at 5626 South Martin Luther King Junior Drive and that they had chased him there on foot in hot pursuit.

28. Defendant OFFICERS' police reports were false. Defendant OFFICERS never saw Plaintiff in possession of a gun because he did not possess one. Defendant OFFICERS did not pursue Plaintiff on foot at all and they did not see him drop a gun. They also did not see Plaintiff enter the third-floor apartment at 5626 South Martin Luther King Drive.

29. Defendant OFFICERS caused Plaintiff to be charged with unlawful use of a weapon, armed habitual criminal and aggravated unlawful use of a weapon, and aggravated unlawful use of a weapon.

30. Defendant TORRES testified at a preliminary hearing in Plaintiff's criminal case on July 2, 2012.

31. At the preliminary hearing, Defendant TORRES testified that he observed Plaintiff drop a handgun in the abandoned apartment building while he pursued Plaintiff inside the abandoned building. TORRES also testified that Defendant MATTHEWS then immediately recovered the weapon in the hallway of the abandoned building.

32. Defendant TORRES's testimony at the preliminary hearing was false. In fact, Defendant TORRES and Defendant MATTHEWS did not pursue Plaintiff on foot through the abandoned building and did not observe him drop a handgun.

33. On July 2, 2012, a Cook County Circuit Court judge made a finding of probable cause to detain Plaintiff for trial.

34. The judge who found probable cause to detain Plaintiff at the July 2, 2012 hearing, made that finding based on Defendants' false testimony and police reports.

35. Plaintiff was held in Cook County Jail on the false charges Defendant OFFICERS placed against him for nearly four years, or 1,451 days.

36. Plaintiff had to hire a criminal defense attorney to represent him on the criminal charges Defendant OFFICERS placed against him.

37. If it had not been for the misconduct of Defendants in fabricating evidence against Plaintiff, his prosecution would not have been commenced or continued and he would not have been falsely imprisoned for nearly four years.

38. While Plaintiff's criminal case was pending, the City of Chicago's Independent Police Review Authority ("IPRA") conducted an investigation into the events that led to Plaintiff's arrest and charging by Defendant OFFICERS.

39. Plaintiff, several witnesses, and Defendants MATTHEWS, GOLDIE, TORRES, WELLS, and PIENTA gave recorded statements to IPRA investigators.

40. In their IPRA statements, Defendants MATTHEWS, GOLDIE, TORRES, WELLS, and PIENTA claimed that they observed Plaintiff drop a handgun while they were in pursuit of him and that Defendant MATTHEWS recovered that weapon in the hallway of the abandoned apartment building. Defendant OFFICERS also claimed that they observed Plaintiff enter the third-floor apartment at 5626 South Martin Luther King Junior Drive.

41. IPRA investigators discovered that Defendant OFFICERS had provided false statements when they obtained documents and audio recordings from the City of Chicago's Office of Emergency Management and Communications ("OEMC").

42. The OEMC records and recordings that IPRA obtained show that Defendant OFFICERS lied in their police reports and provided false testimony about the circumstances of Plaintiff's arrest.

43. As a result, the IPRA investigator sustained findings against Defendants MATTHEWS and TORRES for Rule 14 violations. Rule 14 is a Chicago Police General Order that prohibits Chicago police officers from making false reports.

44. When the Cook County State's Attorney's Office was made aware of Defendant OFFICERS' false testimony and police reports, they dismissed all the criminal charges against Plaintiff.

45. The criminal case against Plaintiff was dismissed on April 1, 2016.

## COUNT I
(42 U.S.C. §1983 – Fourth Amendment Claim)

46. Each of the foregoing paragraphs is incorporated as if fully restated here.

47. In the manner described above, Defendant OFFICERS, in conspiracy with one another, fabricated evidence and testimony regarding the circumstances that led to Plaintiff's arrest.

48. In so doing, Defendant OFFICERS caused Plaintiff to be subjected to pretrial detention unsupported by probable cause, in violation of Plaintiff's rights as secured by the Fourth Amendment.

49. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally or with reckless indifference to Plaintiff's constitutional rights.

50. As a result of Defendants' misconduct described in this Count, Plaintiff suffered a loss of liberty, pecuniary and emotional damages.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

### COUNT II
(42 U.S.C. §1983 – Fourteenth Amendment Claim)

51. Each of the foregoing paragraphs is incorporated as if fully restated here.

52. In the manner described more fully above, Defendant OFFICERS fabricated false evidence, including testimony that they knew to be false and fabricated police reports, which was used to deprive Plaintiff of his liberty in violation of his constitutional right to due process guaranteed by the Fourteenth Amendment.

53. The misconduct described in this Count was undertaken with deliberate indifference to Plaintiff's rights.

54. As a result of Defendants' misconduct described in this Count, Plaintiff suffered a loss of liberty, pecuniary and emotional damages.

**WHEREFORE,** Plaintiff prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

TYRONE SCOTT, Plaintiff

By: /s Torreya L. Hamilton
    One of Plaintiffs' Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Atty. No. 6229397